UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---------------------------------------------×

Othea Jones, individually and on behalf of all others similarly situated,

        *Plaintiff,*

    *v.*

Amazon.com Services LLC,

        *Defendant.*

---------------------------------------------×

**CLASSS ACTION COMPLAINT**

**3:24-cv-1806**

**JURY REQUESTED**

Plaintiff Othea Jones ("Plaintiff"), by her counsel, Harman Green PC, alleges for her Class Action Complaint against Defendant Amazon.com Services LLC ("Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This case is about disability discrimination and a blatant failure to engage in the interactive process.

2. Plaintiff is a woman with disabilities in the form of hypertension and elevated blood pressure. Plaintiff suffered a stroke at work and Defendant still refused to provide her a reasonable accommodation.

3. The Class Members are putative Plaintiffs who work for Defendant in various warehouses across the country. Defendant requires all employees utilize Defendant's human resources app to process requests for an accommodation. Requests for accommodation are routinely denied and Defendant does not engage in the interactive process as the app simply is not designed to allow such an interactive process. Defendant's app is called Amazon A to Z.

**JURISDICTION**

4. Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they arise under a federal statute.

5. Pursuant to 28 U.S.C. §1367 this Court may properly hear Plaintiff's State claims

1

as they arise out of the same nucleus of operative fact so as to create the same case or controversy.

6. Plaintiff timely filed with the Equal Employment Opportunity Commission, Charge number 450-2024-05677 and Charge No. 450-2024-08760, which is a formal class charge, as well as an individual charge.

## PARTIES

7. Plaintiff was and is a resident of Texas.

8. Class Members are situated across the country.

9. Defendant Amazon.com Services LLC was and is a corporation incorporated under the laws of the State of Delaware with a registered office of this corporation at 251 Little Falls Drive, City of Wilmington, County of New Castle, State of Delaware 19808. Amazon's headquarters is at 410 Terry Avenue North, Seattle, Washington 98109-5210.

10. Plaintiff was employed by Defendant at 33333 Lyndon B Johnson Fwy, Dallas, TX 75241.

## JURY DEMAND

11. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

- *Plaintiff Jones' individual facts*

12. Plaintiff was employed by Defendant on October 5, 2023.

13. Plaintiff's job was to stack items on Defendant's delivery trucks, and she worked in the outbound department.

14. On November 2, 2023, Plaintiff was working as normal.

15. However, Plaintiff suddenly became dizzy early into her shift and collapsed.

16. Plaintiff's body went number and she had suffered a light stroke.

17. Plaintiff's coworkers eventually were able to support her and bring her to human resources where Plaintiff was told to go home.

18. Plaintiff was then prohibited by Defendant from returning to work.

19. Plaintiff used the time off to go to the doctor, who evaluated her as having high blood pressure and hypertension, which led to the stroke she suffered at work.

20. Plaintiff reported this to Defendant. Defendant then had their own medical provider, Dr. Christina Tate, examine Plaintiff, and Dr. Tate came to the same conclusion.

21. Defendant's doctor stated that Plaintiff would require an accommodation in the form of limited time standing at work and no lifting over head in excess of 50 pounds.

22. Plaintiff was then directed to submit her accommodation and doctors note through Amazon's HR app.

23. Defendant's HR app, the A to Z app, is, to be frank, a disaster.

24. The app routinely denies employees their accommodations and is a per se failure to engage the interactive process.

25. Plaintiff returned to work with her accommodation requests on November 20, 2023.

26. Plaintiff had been prevented from returning to work by Defendant because of her seizure.

27. After Defendant's doctor requested Plaintiff be accommodated at work, Defendant denied Plaintiff her accommodations through the A to Z app without any explanation or justification.

28. Plaintiff repeatedly submitted her accommodation request, and each time it was denied.

29. Sporadically, this led Plaintiff to be forced to take time off work, because Plaintiff's elevated blood pressure put Plaintiff at risk of another stroke at work.

30. Plaintiff could have been easily accommodated in a variety of ways, including by giving her the opportunity to sit at work, by placing Plaintiff in another role with similar job

responsibilities, or by allowing Plaintiff a leave of absence without punishing her for time off work.

31. On or about January 14, 2024, Plaintiff was abruptly terminated.

32. Plaintiff was told that she had accrued too many absences, particularly in November when Defendant refused to allow Plaintiff to work.

33. Plaintiff only ever missed work pursuant to either Defendant's direction or because her health demanded it.

34. Rather than discuss Plaintiff's accommodations, let alone actually accommodate her, Defendant terminated Plaintiff.

- *Class Allegations*

35. Defendant employs millions of employees in its warehouses.

36. Often, employees work twelve hour shifts designed around manual labor, including lifting heavy boxes, stacking objects, crouching and reaching high about their heads for objects, and other physical tasks.

37. Employees utilize the A to Z app to process things like time off, disability accommodation requests, and other huma resources functions.

38. This Class is all employees who were or are disabled who have had an accommodation denied after requesting that accommodation through the A to Z app.

39. The A to Z app does not give Class Members an opportunity to engage in the interactive process.

40. Specifically, after Class Members submit their accommodation request, it is never meaningfully addressed or responded to.

41. Rather, Defendant allows some distant person unknown to the employee to determine whether they can be given an accommodation or not.

4

42. Defendant does not assess whether i) other jobs are available to the employee, ii) whether an accommodation can be given in full or modified in some capacity, iii) whether job requirements are critical or material duties related to the accommodation, and iv) generally do not have a conversation about what an employee can or cannot do because of their disability.

43. Defendant's decentralized human resources model does not allow for appropriate conversations about the Class Member's disabilities.

44. Defendant's website identifies a team of "Accommodation Consultants" who provide "accommodation support to our associates."

45. This team of Accommodation Consultants simply weeds out requests for accommodation, and does not engage in any interactive process.

46. To receive some kind of focused, individual interactive process, Class Members must submit their request through the A to Z app, somehow have it approved through the app, which it rarely ever is, and then sent to a local human resources manager for further conversations.

47. This process is inherently illegal in that it breaks down the interactive process at the 'app stage' and such a breakdown is traceable to the employer.

48. The law requires that an employee make a request for an accommodation and then continue a dialogue with the employer, the law does not require an employee go through voluminous channels, automated responses, and appeal procedures before being able to speak to a real, live person about their accommodation.

49. This class is sufficient under Federal Rule of Civil Procedure Rule 23 as it is numerous, potentially over one million employees.

50. There are common questions of fact and law, particularly whether Defendant's A to Z app conforms with the duty to engage the interactive process and the duty to provide accommodations when there is an absence of a significant financial burden.

5

51. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

52. Plaintiff adequately represents Class Members as her claims do not deviate from those of the Class.

## CAUSES OF ACTION
## FIRST CLAIM

**Failure to engage in the interactive process as required by the Americans with Disabilities Act and Chapter 21 of the Texas Labor Law**

53. Plaintiff, on behalf of herself, and all Class Members, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

54. The Americans with Disabilities Act requires that employers such as Amazon.com Services LLC engage in the interactive process if an employee indicates that they are disabled.

55. Chapter 21 of the Texas Labor Code tracks and mirrors the ADA and incorporates it as Texas State Law.

56. Plaintiff is disabled.

57. Plaintiff made known to Amazon.com Services LLC that she was disabled.

58. Despite this, Amazon.com Services LLC did absolutely nothing to ascertain what, if any, reasonable accommodation Plaintiff needed.

59. Amazon.com Services LLC failed to even attempt to have a two-way conversation with Plaintiff about Plaintiff's disability.

60. The Fifth Circuit has explicitly recognized an independent cause of action for the failure to engage in the interactive process. *E.E.O.C. v. Chevron Phillips Chemical Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009).

61. Plaintiff's claims are one and the same as Class Members: Defendant failed to engage in the interactive process because Defendant failed to address Plaintiff's request for an accommodation through the A to Z app.

62. Plaintiff repeatedly made known, both formally and informally, that she was

7

disabled and Amazon.com Services LLC did not engage in a good faith interactive process to understand what, if any, accommodation Plaintiff needed.

63. As such, Defendant intentionally and willfully violated Plaintiff's right to engage in the interactive process, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## SECOND CLAIM

**Failure to provide reasonable accommodations as required by the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code**

64. Plaintiff, on behalf of herself, and all Class Members, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

65. The Americans with Disabilities Act requires that employers such as Amazon.com Services LLC provide a reasonable accommodation to an employee if an employee indicates that they are disabled and require such an accommodation.

66. Chapter 21 of the Texas Labor Code tracks and mirrors Americans with Disabilities Act and incorporates it as Texas State Law.

67. Plaintiff is disabled.

68. Plaintiff made known to Amazon.com Services LLC that she was disabled.

69. Plaintiff has hyper tension and high blood pressure. Plaintiff suffered a stroke at work.

70. Plaintiff could have continued her employment minor accommodations in the form of being allowed to sit periodically and my not being required to limit items overhead.

71. Plaintiff's claims are one and the same as Class Members: Defendant failed to

engage in the interactive process because Defendant failed to address Plaintiff's request for an accommodation through the A to Z app.

72. As such, Defendant intentionally and willfully violated Plaintiff's right to an accommodation, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## THIRD CLAIM

**Termination as a result of disability discrimination in violation of the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code**

73. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

74. The Americans with Disabilities Act requires that employers such as Amazon.com Services LLC provide a reasonable accommodation to an employee if that employee indicates that they are disabled and require such an accommodation.

75. Chapter 21 of the Texas Labor Code tracks and mirrors Americans with Disabilities Act and incorporates it as Texas State Law.

76. Plaintiff is disabled.

77. Plaintiff made known to Defendant that she was disabled.

78. Plaintiff was terminated as a result of her disability.

79. Defendant asked Plaintiff to be out of work because of her disability, then terminated her because she had missed work on those same days.

80. Plaintiff suffered a stroke at work and was instructed not to return, and Defendant then terminated Plaintiff.

81. As such, Defendant intentionally and willfully violated Plaintiff's right to be

free from discrimination, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## FOURTH CLAIM

**Retaliation for complaints of disability discrimination as required by the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code**

82. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

83. The Americans with Disabilities Act requires that employers such as Amazon.com Services LLC provide a reasonable accommodation to an employee if an employee indicates that they are disabled and require such an accommodation. Failure to do so, or inequitable treatment as a result of such an accommodation, is discrimination.

84. The Americans with Disability Act also states that an employee who raises a good faith complaint of discrimination, such as Plaintiff had in November and December 2023, is protected from retaliation.

85. Chapter 21 of the Texas Labor Code tracks and mirrors Americans with Disabilities Act and incorporates it as Texas State Law.

86. Plaintiff is disabled.

87. Plaintiff made known to Amazon.com Services LLC that she was disabled.

88. Plaintiff pleaded for an accommodation and complained to supervisors and to human resources when she was denied her accommodations.

89. Amazon.com Services LLC terminated Plaintiff because she complained about disability discrimination.

90. As such, Defendant intentionally and willfully violated Plaintiff's right to be

free from retaliation, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## FIFTH CLAIM

### Class Allegations under the Americans with Disabilities Act

91. Plaintiff, on behalf of all others similarly situated, referred to as Class Members, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

92. Plaintiff and the Class Members assert that Defendant's A to Z app is designed to weed out employees with disabilities.

93. Specifically, employees who work in Defendant's warehouses.

94. The A to Z app does not afford Class Members the opportunity to engage in the interactive process because Defendant will not meaningfully engage in the conversation.

95. The A to Z app creates routine denials of basic accommodations.

96. Under the law, Defendant must show that an accommodation would create a significant financial burden.

97. Regardless of the accommodations sought, Defendant does not do its due diligence as to any Class Member's accommodation request because it does not generate any basis, through the A to Z app, as to why accommodations are denied.

98. Class Members are afforded two options: work without accommodations because they are ignored through the A to Z app, or be terminated.

99. Accordingly, Defendant's A to Z app, which functions as its general human resources department, is patently illegal and rife with discriminatory animus as it does not

conform with what the law requires; specifically, that Defendant engage the interactive process in a meaningful manner and provide accommodations when no significant financial hardship is present.

100. As such, Defendant intentionally and willfully violated the Class Members' right to be free from discrimination, and owes the Class Members all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

D. For the fourth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

E. For the fifth cause of action, damages for wages and emotional distress,

compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

F. An order designating this lawsuit as a class action and authorizing notice; and

G. For such other and further relief as the Court deems just and proper.

Dated:
July 15, 2024

                            **HARMAN GREEN PC**

By: *(signature)*
Walker G. Harman, Jr.
824 Exposition Ave.,
Suite 8
Dallas, Texas 75226
(646) 248-2288
wharman@theharmanfirm.com
erichardson@theharmanfirm.com
*Attorneys for Plaintiff*